IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YMELDA B. Y. B., | ) |
|     Plaintiff, | ) No. 24 C 2184 |
| v. | ) Magistrate Judge M. David Weisman |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Ymelda B. y. B. appeals the Commissioner's decision denying her application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On March 22, 2018, plaintiff applied for benefits, alleging a disability onset date of April 15, 2017. (R. 81-82, 93-94.) Her applications were denied initially, on reconsideration, and after a hearing. (R. 19-35, 81-138.) Plaintiff appealed to this Court, which remanded the case to the Commissioner. (R. 2388.) On remand, the ALJ once again denied plaintiff's applications. (R. 2140-67.) Plaintiff did not appeal to the Appeals Council, and the Appeals Council did not otherwise assume jurisdiction, leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 2143.) At step two, the ALJ found that plaintiff has the severe impairments of seizure disorder, post-traumatic stress disorder, depression, osteoarthritis, fibromyalgia, polyarthralgias, and myalgias. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals a listed impairment. (R. 2144.) At step four, the ALJ found that plaintiff has the RFC to perform her past relevant work and thus is not disabled. (R. 2147, 2165-67.)

Plaintiff contends that the ALJ wrongly concluded that she did not meet Listing 11.02B. That Listing is for epilepsy characterized by "[d]yscognitive seizures, occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment." www.ssa.gov/disability/professionals/bluebook/11.00-Neurological-Adult.htm#11_02 (internal citations omitted) (last visited Oct. 3, 2024). The ALJ said:

> . . . . The claimant's seizure disorder has been carefully evaluated under each of the listing 11.02 subsections. However, the evidence fails to establish the frequency and duration of seizures required under any of those subsections during a period in which the claimant was adhering to prescribed treatment. Specifically, during his testimony, medical expert Allan R Goldstein, MD, testified that the claimant met listing 11.02A. However, upon further discussion and review of the evidence, he acknowledged that 11.02A refers to generalized tonic-clonic seizures; which she does not have, and subsequently testified that 11.02B would apply to the claimant's seizures. While at first he testified that she met the listing; he also testified that she is not having the required one seizure a week for three consecutive months, as the doctor at exhibit 35F/5 reported that she is having at least one seizure every two weeks, and that would be less than once a week for three consecutive months as required by the listing, and she therefore would not meet the listing. Thus, the evidence does not support a finding that her dyscognitive seizures are occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment or that alternate findings of equivalent significance are present. Thus, the claimant's seizure disorder does not satisfy listing section 11.02.

(R. 2144-45.)

Plaintiff contends that the ALJ incorrectly assessed the evidence regarding the frequency and duration of her seizures. The Court agrees. The record shows that plaintiff had seizures every week for three consecutive months. In May 2021, when plaintiff was admitted to the hospital, she reported that she had been having two or three seizures a week. (R. 2040.) In July 2021, she reported that she had been having "at least weekly episodes of memory lapses and behavioral changes," and her doctor said plaintiff was "likely ha[ving] more frequent seizures than she could report." (R. 3719.) In August 2021, plaintiff reported that she had been "having 5 seizure like episodes per month." (R. 4052.) Though plaintiff did not see her doctor in June 2021, the only

3

reasonable inference from the report she made during her July 2021 appointment, the first follow up she had had since her May hospitalization (R. 2047), is that she had been having seizures weekly in the period between her hospital discharge and the July appointment. In other words, the record shows that plaintiff had at least one seizure a week for the three-month period between May 2021 and August 2021. The ALJ's conclusion to the contrary, and thus his determination that plaintiff does not meet the frequency/duration requirement of Listing 11.02B, is erroneous. Accordingly, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court denies the Commissioner's motion for summary judgment [17], reverses the Commissioner's decision, and in accordance with the fourth sentence of 20 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum and Order.

**SO ORDERED.**    **ENTERED: December 2, 2024**

**M. David Weisman**
**United States Magistrate Judge**